UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE A. CLARK, JR.,

    Petitioner,

v.                              Case No. 3:20-cv-389-TJC-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I. Status**

Petitioner, George A. Clark, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner is proceeding on a Second Amended Petition. See Doc. 7. He also filed a Memorandum supporting his Second Amended Petition. See Doc. 8. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for three counts of attempted second degree murder for which he is serving a cumulative twenty-year term of incarceration. Respondents argue that the Petition is untimely

filed and request dismissal of this case with prejudice. See Doc. 12 (Resp.).[1] Petitioner replied. See Doc. 16. This case is ripe for review.

## II.  **One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On August 16, 2012, Petitioner entered an open plea of guilty to three counts of attempted second degree murder. Resp. Ex. 2 at 5, 14. On September 27, 2012, the trial court sentenced Petitioner to concurrent twenty-year terms of incarceration as to each count. Id. at 6-13. Thereafter, the First District Court of Appeal granted Petitioner's request to seek a belated direct appeal. See State v. Clark, No. 16-2011-CF-013077 (Fla. 4th Cir. Ct.).[2] And on November 10, 2014, the First DCA per curiam affirmed Petitioner's judgment and sentences without a written opinion. Id.; see also Clark v. State, 151 So. 3d 1233 (Fla. 1st DCA

---

[2] The Court takes judicial notice of Plaintiff's state court dockets. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

2014). Petitioner's judgment and sentences became final ninety days later, February 9, 2015.³ See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). His one-year federal habeas statute of limitations began to run the next day, February 10, 2015.

Petitioner's statute of limitations ran for 206 days until he filed a Florida Rule of Criminal Procedure 3.800(c) motion on September 4, 2015. Resp. Ex. 3. The trial court denied the Rule 3.800(c) motion on October 7, 2015. Resp. Ex. 4. For purposes of this Order, the Court assumes that Petitioner's one-year remained tolled until November 6, 2015, thirty days after the trial court denied the Rule 3.800(c) motion, and then resumed on November 7, 2015.⁴

---

³ The 90th day fell on Sunday, February 8, 2015, so Petitioner had until Monday, February 9, 2015, to file a petition with the United States Supreme Court. Fed. R. Civ. P. 6(1)(C).

⁴ Respondents argue that Petitioner could not appeal the trial court's order denying the Rule 3.800(c) motion and thus his one-year resumed the day after the trial court's order was entered. Resp. at 5. However, because the thirty-day timeframe to file an appeal does not affect the outcome of the Court's analysis, the Court assumes for purposes of this Order that Petitioner's one-year remained tolled until the time to file an appeal expired.

Petitioner's one-year then ran for another 89 days until it was tolled on February 4, 2016, when Petitioner filed a petition for writ of habeas corpus with the First DCA. Resp. Ex. 8. The First DCA dismissed the petition on February 24, 2016, and the First DCA's docket indicates its decision became final on May 12, 2016. See id. Petitioner's one-year resumed the next day, May 13, 2016, and expired 70 days later on July 22, 2016.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion with the state court on December 2, 2016. Resp. Ex. 5. Because there was no time left to toll, however, Petitioner's Rule 3.850 motion did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the Court finds the Petition, filed on April 17, 2020, is untimely filed by more than three years.

Petitioner appears to admit that this action is untimely filed, but argues he is entitled to equitable tolling. See Doc. 1 at 16-17. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

According to Petitioner, he was prevented from timely filing his Petition because the Florida Department of Corrections had Petitioner "in 'lock-down confinement' at Jackson Correctional Institution" and denied him access to his legal papers to prepare and file a timely § 2254 action. See generally Doc. 1 at 16-17. Upon review of the record and considering Petitioner's extreme delay in filing the Petition, this Court finds Petitioner's argument about his lack of legal resources to be unavailing. See Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as

6

untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed counsel" seldom qualify as circumstances warranting equitable tolling)[5]; Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that an inmate's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perry v. Sec'y, Dep't of Corr., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (acknowledging that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)).[6] Indeed, according to the prison stamps on Petitioner's Rule 3.800(c) and Rule 3.850 motions, he was housed at Jackson CI when he filed those requests for state collateral relief. See Resp.

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

7

Exs. 3, 5. Those pro se filings undermine Petitioner's claim that prison officials hindered his ability to timely seek federal habeas relief.

To the extent that Petitioner claims actual innocence, he also fails to meet his burden. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to show actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt"). Here, Petitioner appears to argue that the police and state fabricated the facts alleged in the arrest report and Information. Doc. 1 at 16. Petitioner, however, entered an open plea of guilty to the counts as charged in the Information and his allegations now do not rely on new evidence not available to Petitioner at the time of his pleas. Thus, this action is untimely filed and due to be dismissed.

8

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Second Amended Petition (Doc. 7) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[7]

---

[7] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   George Clark, Jr., #J48456
     Anne Catherine Conley, Esq.